FILED
 2014 Sep-24 AM 10:57
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| RANDY DODD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case Number: 2:13-cv-01042-JHE |
| | ) |
| SCHNEIDER NATIONAL CARRIERS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### MEMORANDUM OPINION[1]

Plaintiffs Randy Dodd, Demetrius Collins, Dedrick Bailey, Marquis Brown, and Reginald Herron (collectively Plaintiffs), and Defendant Schneider National Carriers, Inc. ("Defendant" or "Schneider") jointly move for approval of their settlement agreement.[2]  (Doc. 37).  The parties seek approval of the terms of their settlement agreement on Plaintiffs' claims for overtime pay as well as approval of separately negotiated attorneys' fees and costs to be paid to Plaintiffs' counsel under the settlement.  (*Id.*).  For the reasons set forth below, the court approves the parties' settlement and will dismiss Plaintiffs' claims with prejudice.

### I. Background Facts

Plaintiffs Dodd and Collins filed this action on May 30, 2013. (Doc. 1).  On July 17, 2013, Plaintiffs amended the complaint to add Bailey, Brown, and Herron as plaintiffs.  (Doc.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 24).

[2] Because the parties have filed this amended motion, document 27 their original motion for approval of settlement is MOOT.  The Clerk will be DIRECTED to TERM document 27 as MOOT.

1

12).   Plaintiffs allege claims for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*   On August 5, 2013, Defendant answered the First Amended Complaint, denying Plaintiffs were entitled to any overtime compensation under the FLSA and asserting various affirmative defenses. (Doc.15). After exchange of discovery and negotiations, the parties reached a settlement, the terms of which are contained in the Confidential Settlement Agreement and General Release (the "Agreement").   The undersigned has reviewed the Agreement.

Under the Agreement, Defendant has agreed to pay Plaintiffs certain amounts to settle their claims.   Defendant has agreed to pay Dodd, Collins, Bailey, and Brown a specified amount to settle their claims for certain overtime compensation.   Defendant has also agreed to pay Herron 100% of his unpaid wage claim and 100% of his liquidated damages claim. Defendant has also separately agreed to pay an agreed upon amount of attorneys' fees and costs to Plaintiffs' counsel.   The parties have supplied their settlement agreements, (doc. 35, sealed), which the undersigned has reviewed.   The parties stipulate and agree the terms set forth in the Agreement constitute a fair and reasonable resolution of a *bona fide* dispute regarding whether Plaintiffs are entitled to any further overtime compensation.

## II. Analysis

Subject to specific exceptions, the FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week.   *See* 29 U.S.C. § 207(a)(1).   An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages.   29 U.S.C. § 216(b).   In an action to recover unpaid overtime compensation, a court

is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action.  *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009).

Judicial review and approval of an FLSA settlement is necessary to give it final and binding effect.  *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982).  Before approving a FLSA settlement, a court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute."  *Id.* at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation."  *Id.* at 1354.  In determining whether the settlement is fair and reasonable, the court should consider the following factors:

>  1. the existence of fraud or collusions behind the settlement;
>  2. the complexity, expense, and likely duration of litigation;
>  3. the stage of the proceeding and the amount of discovery completed;
>  4. the probability of success on the merits;
>  5. the range of possible recovery; and
>  6. the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).  In reviewing the terms of a proposed settlement, there is a strong presumption in favor of finding it is fair.  *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

Here, there is no indication of fraud of collusion.  All parties were represented by counsel and the amount to be paid under the settlement is fair.  The confidential payments to Plaintiffs to settle their claims for unpaid overtime compensation and liquidated damages are

---

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down prior to the close of business that day, are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

fair, reasonable, and adequate. These payments take into account the likelihood of success and the amounts Plaintiffs might recover if they prevailed on their claims in arbitration.

The complexity, expense, and expected duration of continued litigation also militate in favor of this settlement. The parties continue to disagree over the merits of Plaintiffs' claims and the amount of overtime compensation owed to them. Defendant has asserted a defense to Plaintiffs' claims under the Motor Carrier Exception, which is potentially dispositive. The parties agree the outcome of the case is uncertain and if this matter were to be litigated to an award by jury, all parties would be required to engage in costly, protected litigation. Accordingly, this settlement is a reasonable means for all parties to minimize future risks and litigation costs.

Based on counsel's representations, there has been sufficient investigation and exchange of information and documents to enable counsel to reasonably and adequately assess the claims and defenses at issue. Specifically, in discovery, the parties exchanged extensive information, documents, and data, including Plaintiffs' work time and pay records during the applicable period. Before agreeing to the proposed settlement, the parties had sufficient information to enable them to make an informed analysis and assessment of the case.

The range of possible recovery also shows settlement is reasonable and adequate. In light of the costs of further litigation and the uncertainty and timing of any recovery, the proposed settlement is a fair and reasonable resolution of a bona fide dispute.

Additionally, the undersigned has reviewed the proposed, separately negotiated payment of attorneys' fees and costs and agrees it should be approved because it is reasonable. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (If "the plaintiff attorneys' fee is agreed upon separately and without regard to the amount paid to Plaintiff, then,

unless the settlement does not appear reasonable on its face or there is reason to believe that plaintiff's recovery was adversely affected by the amount of the fees paid to [his] attorney, the Court [should] approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). The agreement regarding payment of Plaintiffs' counsel's fees and costs was reached separately and without regard to the amount paid to Plaintiffs. Plaintiffs' claims were not compromised by any deduction of attorney's fees, costs, or expenses.

### III. Conclusion

The "Confidential Settlement Agreement and General Release, is fair and reasonable under the circumstances. Accordingly, the settlement is due to be **APPROVED** and Plaintiffs' claims will be **DISMISSED WITH PREJUDICE**. A separate order will be entered.

The Clerk is **DIRECTED** to **TERM** documents 27 and 37.

DONE this 24th day of September 2014.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE